**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY HINES, | No. 21-16682 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00191-APG-DJA |
| v. | |
| JAMES DZURENDA; BRIAN WILLIAMS, Warden; JENNIFER NASH; BEAN, Warden; JERRY HOWELL, Warden; TREADWELL; JAMES SCALLY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 14, 2023[**]

Before:     SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Nevada state prisoner Tony Hines appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging due process and Eighth

Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Summary judgment for Treadwell was proper on Hines's Eighth Amendment claim because Hines failed to raise a genuine dispute of material fact as to whether his placement in segregation for eighteen days constituted cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (setting forth the requirements for an Eighth Amendment violation in the prison context); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (placement in disciplinary segregation does not violate the Eighth Amendment unless plaintiff shows serious deprivation and deliberate indifference); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-15 (9th Cir. 1995) (same with administrative segregation).

Summary judgment for Treadwell was proper on Hines's due process claim because Hines failed to raise a genuine dispute of material fact as to whether his placement in segregation implicated a protected liberty interest. *See Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013) (a constitutionally protected liberty interest implicating an inmate's due process rights arises only when the action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th

Cir. 2003) (administrative or disciplinary segregation in and of itself does not implicate a protected liberty interest).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hines's motion for appointment of counsel (Docket Entry No. 26) is denied.

**AFFIRMED.**

3                                                                              21-16682